UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS D. FECHNER and<br>NANCY J. FECHNER, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>OPTION ONE MORTGAGE<br>CORPORATION, a California<br>corporation; CREEKSIDE LENDING,<br>INC., a Washington corporation, and<br>PREMIER MORTGAGE SERVICES,<br>INC., a Washington corporation,<br><br>Defendant. | No. CV-06-199-AAM<br><br>**ORDER OF DISMISSAL** |

**BEFORE THE COURT** is a "Joint Motion For Approval Of Settlement Agreement And Dismissal Of Claims" (Ct. Rec. 19) brought by Plaintiffs and Defendants Option One Mortgage Corporation (Option One) and Premier Mortgage Services, Inc. (Premier). Plaintiffs and Option One and Premier are the parties to the Settlement Agreement. Defendant Creekside Lending, Inc. (Creekside) is not a party to the Settlement Agreement.

No authority obligates the court to approve a non-class action settlement such as involved here. Therefore, the court will neither approve or disapprove of the settlement agreement. The "Joint Motion For Approval Of Settlement Agreement And Dismissal Of Claims" (Ct. Rec. 19) is **DENIED** to the extent it seeks judicial approval of the settlement agreement. It is **GRANTED**, however, to

**ORDER OF DISMISSAL-**             1

the extent the settlement results in dismissal of the claims against Option One and Premier. Pursuant to the settlement agreement, all claims against Option One and Premier asserted in the Complaint of record (Ct. Rec. 1) are **DISMISSED with prejudice**, the parties to bear their own costs.

There are no federal claims asserted against Creekside in either the Complaint of record or in the Plaintiff's proposed First Amended Complaint. The only basis for subject matter jurisdiction over the state law claims against Creekside is supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). Plaintiffs acknowledge that with the dismissal of all of the claims against Option One and Premier, including the federal claims against Option One, only state law claims against Creekside remain. If this court has supplemental jurisdiction over those state law claims, it would exercise its discretion to dismiss them without prejudice because there are no remaining claims over which the court has original jurisdiction. 28 U.S.C. §1367(c)(3). If the court does not have supplemental jurisdiction over those state law claims, it is not a matter of discretion: the state law claims must be dismissed without prejudice. Therefore, regardless of whether this court has supplemental jurisdiction, the result is the same: Plaintiff's state law claims against Defendant Creekside in the Complaint of record (Ct. Rec. 1) are **DISMISSED without prejudice** to their reassertion in state court. This dismissal renders moot the Plaintiff's Motion For Leave To Amend Complaint (Ct. Rec. 10) and therefore, that motion is **DISMISSED**.[1]

//
//

---

[1] The only federal claims asserted in the proposed First Amended Complaint are also against Option One. Therefore, with the dismissal of Option One, all that remains in the proposed First Amended Complaint are state law claims against Defendant Creekside and the proposed new defendants. (Tim M. Brigman and Accredited Surety And Casualty Company, Inc.).

**ORDER OF DISMISSAL-        2**

**IT IS SO ORDERED**. The District Executive is directed to enter this order, forward copies to counsel, and **CLOSE this file**.

**DATED** this  4th  of January, 2007.

s/ Alan A. McDonald
ALAN A. McDONALD
Senior United States District Judge

**ORDER OF DISMISSAL-**          3